UNITED STATES DISTRICT COURT
SOUTERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 24 2015
ARTHUR JOHNSTON
BY _____ DEPUTY

MARSHA M. ETHERIDGE
Plaintiff

V.

DISCOVER BANK
LESTER F. SMITH
ROBERT L. MCARTY
SMITH & MCARTY PLLC
Defendant(s)

Civil Action No. 1:15cv389LG-RHW

**COMPLAINT**

Trial by Jury Demanded

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1692k(d), et. Seq., 47 U.S.C. §227 (b)(3) and 28 U.S.C.§1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff, Marsha M. Etheridge, is a consumer residing at 67 Cecil Smith RD, Carriere, MS, in Pearl River County, Mississippi. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3). The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

4. Discover Bank, 502 E. Market St., Greenwood, DE 09950, called Plaintiff's cell phone without express consent, and used an automatic dialing system (ATDS) to so do.

5. Lester F. Smith, Esq., is a principal in the law firm of Smith & McArty PLLC, 701 Avignon Drive, Suite 201, Ridgeland, MS 39157, is a Defendant in this law suit and is a debt collector as defined by 15 U.S.C. § 1692a(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Robert L. McArty, Esq., is a principal in the law firm of Smith & McArty PLLC, 701 Avignon Drive, Suite 201, Ridgeland, MS 39157, is a Defendant in this law suit and is a debt collector as defined by 15 U.S.C. § 1692a(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Smith & McArty PLLC, 701 Avignon Dr., suite 201, Ridgeland, MS 39157, is a Defendant in this law suit and is a debt collector as defined by 15 U.S.C. § 1692a(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## VENUE

8. The occurrences which give rise to this action occurred in Pearl River County, Mississippi.

9. The venue is proper in the District of Southern District of Mississippi, Gulfport, Mississippi.

## GENERAL ALLEGATIONS

10. On or about August 21, 2014, at 12:05pm, Discover started calling the Plaintiff's home phone from 801-902-2944.

11. Discover used the following phone numbers 801-902-2944, 801-902-2948, and 801-902-2946 to call the Plaintiff's home phone.

12. All calls made by Discover were made with automatic telephone dialing systems (ATDS) capable equipment to Plaintiff's home phone.

13. Discover made at least 159 individual calls to Plaintiff's home phone beginning August 21, 2014 and continuing to November 11, 2014, using ATDS capable equipment. Discover, on numerous occasions, was told to stop calling, Discover continued to call.

14. On the days that Discover did call the Plaintiff would receive up to 8 calls in one day.

15. On the days that Discover did call the Plaintiff would receive calls 10 minutes apart from 2 different numbers.

16. On or about August 20, 2014, The Plaintiff purchased a cell phone, 601 563 2571, for emergency purposes.

17. On or about August 25, 2014, The Plaintiff put a message on Plaintiff's home phone answering service that stated "If this is an emergency please call me on my cell phone, 601 563 2571"

18. Starting on August 29, 2014, at 10:48 am Discover started calling the Plaintiff's cell phone

from phone number 801-902-2944.

19. All calls made by Discover were made with automatic telephone dialing systems (ATDS) capable equipment to Plaintiff's cell phone.

20. Discover made at least 23 individual calls to Plaintiff's cell phone beginning on August 29, 2014 and continuing to October 27, 2014, using ATDS capable equipment.

21. The calls made to the Plaintiff's cell phone were not for an emergency purpose and were made without the consent, express or otherwise, of the Plaintiff having been given at any time.

22. Discover used the following phone numbers 801-902-2944, 801-902-2948, 801-902-2946 and 801-902-7000 to call the Plaintiff's cell phone.

23. Discover called at times that were inconvenient and when Plaintiff answered the phone, there was no live person on the line and no message was left.

24. On March 3, 2015, Plaintiff received a letter from Smith & McArty PLLC stating that they have been retained by Discover to collect an alleged debt. This letter was signed by Robert L. McArty.

25. On March 6, 2015 Plaintiff sent a Dispute and Demand for Validation letter to Discover and Smith & McArty PLLC.

26. On July 20, 2015, Smith & McArty PLLC filed the lawsuit with the clerk of court in Pearl River County, MS. The summons was signed by Lester F. Smith.

27. The Plaintiff received the summons about two weeks later.

28. To date Plaintiff has not received the validation as demanded in letter dated March 6, 2015.

29. Smith & McArty PLLC through Lester F. Smith and Robert L. McArty violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. by continuing collection effort without validation.

30. From August 29, 2014 to October 27, 2014 Plaintiff received 23 calls on wireless phone without express consent.

31. All the calls were made using an automatic telephone dialing system capable equipment to Plaintiff's wireless phone.

32. On numerous occasions Plaintiff answered Defendant's calls, Plaintiff stated "quit calling this number" or "quit calling this phone", only dead air was heard and Plaintiff disconnected the call.

33. Discover knowingly and willfully called the Plaintiff's cell phone number multiple times without express consent using automatic telephone dialing system capable equipment.

34. The calls from the Defendant to Plaintiff's cell phone number 601-563-2571 occurred on the following dates, times, and from the following numbers:

1) August 29, 2014, at 10:48am from 801-902-2944, answered call, told to quit calling
2) September 01, 2014 at 11:42am from 801-902-7000 answered call, told to quit calling
3) September 02, 2014, at 8:28am from 801-902-7000
4) September 09, 2014 at 8:34am from 801-902-7000
5) September 14, 2014 at 12:04pm from 801-902-2948 answered call, told to quit calling
6) September 15, 2014 at 8:11am from 801-902-2946 answered call, told to quit calling
7) September 18, 2014 at 9:40am from 801-902-2948
8) September 21, 2014 at 11:54am from 801-902-2944
9) September 21, 2014 at 7:19pm from 801-902-2944 answered call, told to quit calling
10) September 22, 2014 at 9:25am from 801-902-7000
11) September 26, 2014 at 8:43pm from 801-902-2948
12) September 26, 2014 at 8:44pm from 801-902-2944
13) September 29, 2014 at 3:07pm from 801-902-2948
14) September 29, 2014 at 6:08pm from 801-902-7000
15) October 07, 2014 at 2:43pm from 801-902-7000
16) October 10, 2014 at 10:30am from 801-902-2944

17) October 11, 2014 at 1:39pm from 801-902-2944
18) October 14, 2014 at 5:13pm from 801-902-7000
19) October 15, 2014 at 10:54am from 801-902-2948
20) October 20, 2014 at 11:45am from 801-902-2948
21) October 20, 2014 at 3:53pm from 801-902-7000

35. This complaint is brought within the statute of limitations pursuant to 47 U.S.C. § 227 and 15 U.S.C. §1692 et seq.

36. The telephone calls identified above were placed to the Plaintiff's cell phone number using an automatic telephone dialing system (ATDS) as defined by the Federal Communications Commission (FCC).

37. The Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone call identified above.

38. The Defendant intended to use an; automatic telephone dialing system to place each of the telephone calls identified above.

39. Plaintiff made multiple attempts to contact Discover to reach a settlement of the violations alleged herein to mitigate damages and Defendant failed to respond to Plaintiff at all times.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(B)

40. Plaintiff repeats and re-alleges each and every allegation stated above.

41. Defendant's aforementioned conduct violated the FDCPA.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

42. Adjudging that SMITH & MCARTY PLLC, Lester F. Smith and Robert L. McArty violated the FDCPA.

a) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000; from each of the four Defendants.

b) Awarding Plaintiff actual damages in an amount equal to the amount of a resulting judgment in state case #CO 2015-0214.

c) Awarding Plaintiff attorney's fees, if any, and costs incurred in this action;

d) Awarding such other and further relief as the Court deems just and proper.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692d;

43. Plaintiff repeats and re-alleges each and every allegation stated above.

44. Defendant's aforementioned conduct violated the FDCPA.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

45. Adjudging that SMITH & MCARTY PLLC, Lester F. Smith and Robert L. McArty violated the FDCPA. Plaintiff repeats and re-alleges each and every allegation stated above.

    a) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000; from each of the four Defendants.

    b) Awarding Plaintiff actual damages in an amount equal to the amount of a resulting judgment in state case #CO 2015-0214.

    c) Awarding Plaintiff attorney's fees, if any, and costs incurred in this action;

    d) Awarding Plaintiff post-judgment interest as allowed under the law;

e) Awarding such other and further relief as the Court deems just and proper.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692d(6);

46. Plaintiff repeats and re-alleges each and every allegation stated above.

47. Defendant's aforementioned conduct violated the FDCPA.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

48. Adjudging that SMITH & MCARTY PLLC, Lester F. Smith and Robert L. McArty violated the FDCPA.

   a) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000; from each of the four Defendants.

   b) Awarding Plaintiff actual damages in an amount equal to the amount of a resulting judgment in state case #CO 2015-0214.

   c) Awarding Plaintiff any attorney's fees and costs incurred in this action;

   d) Awarding such other and further relief as the Court deems just and proper. Plaintiff repeats and re-alleges each and every allegation stated above.

## COUNT IV

### THREATEN TO TAKE ANY ACTION THAT CANNOT LEGLLY BE TAKEN OR THAT IS NOT INTENDED TO BE TAKEN 15 U.S.C. § 1692e(5)

49. Plaintiff repeats and re-alleges each and every allegation stated above.

50. Defendant's aforementioned conduct violated the FDCPA.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

51. Adjudging that SMITH & MCARTY PLLC, Lester F. Smith and Robert L. McArty violated the FDCPA.

a) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000; from each of the four Defendants.

b) Awarding Plaintiff actual damages in an amount equal to the amount of a resulting judgment in state case #CO 2015-0214.

c) Awarding Plaintiff attorney's fees, if any, and costs incurred in this action;

d) Awarding Plaintiff post-judgment interest as allowed under the law;

e) Awarding such other and further relief as the Court deems just and proper. Plaintiff repeats and re-alleges each and every allegation stated above.

## COUNT V

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227 (b)(1)(A)(iii)

52. Plaintiff repeats and re-alleges each and every allegation stated above.

53. Defendant's aforementioned conduct violated the TCPA.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

a) Adjudging that Discover violated of TCPA

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. §227 (b)(1)(A)(iii), in the amount of $500 for the first validation 47 U.S.C. §227(e)(1)(A), and $1500 for each of the other 22 calls thereafter 47 U.S.C. §227 (3)(A)

c) Awarding Plaintiff Any punitive damages as they may occur;

d) Awarding Plaintiff attorney's fees, if any, and costs incurred in this action;

e) Awarding Plaintiff post-judgment interest as allowed under the law;

f) Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

*Marsha E Etheridge*
Marsha M. Etheridge
67 Cecil Smith Rd.
Carriere, MS 39426
4jbnme2@gmail.com
601-798-2270