IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARSHA M. ETHERIDGE                                                   PLAINTIFF

VERSUS                                        CIVIL ACTION NO.: 1:15-cv-389-LG-RHW

DISCOVER BANK, LESTER F. SMITH
ROBERT L. MCARTY and SMITH & MCARTY, PLLC                DEFENDANTS

SEPARATE ANSWER OF DEFENDANTS, LESTER F. SMITH,
ROBERT L. MCARTY AND SMITH & MCARTY, PLLC

COME NOW Defendants, Lester F. Smith, Robert L. McArty and Smith & McAarty,

PLLC, ("the Answering Defendants"), by and through their attorneys of record, and hereby

respond to the Complaint for Violations of the Fair Debt Collection Practices Act and the

Telephone Consumer Protection Act ("the Complaint"), as follows:

**FIRST DEFENSE**

The Complaint should be dismissed pursuant to F. R. Civ. P. 12(b)(6) because it fails to

state sufficient facts which, if proved, would entitle the Plaintiff to any relief from the Answering

Defendants or any one or more of them.

**SECOND DEFENSE**

Without waiving and expressly reserving the previous and each and every other defense

set forth in this Separate answer, the Answering Defendants respond to like numbered paragraphs

of the Complaint, as follows:

1.      The Answering Defendants deny the allegations of ¶ 1 of the Complaint.

2.      The Answering Defendants are without sufficient knowledge or information to

admit or deny the allegations of ¶ 2 of the Complaint because the "conditions precedent to the bringing of this action" are not specified and neither is how plaintiff allegedly "performed."

3.     The Answering Defendants admit, on information and belief, that Marcia M. Etheridge resides at 67 Cecil St. RD, Carriere, MS, which is located in Pearl River County, Mississippi; otherwise, all other allegations of ¶ 3 of the Complaint are denied except to admit that the provisions of 15 U.S.C. §1692a(3) speak for themselves.

4.     The allegations of ¶ 4 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

5.     The Answering Defendants admit that Lester F. Smith is a principal in the law firm of Smith & McArty, PLLC which maintains offices at 701 Avignon Drive, Suite 201, Ridgeland, MS 39157, and that the Answering Defendants, under certain circumstances which are not alleged in the Complaint, may fall within the definition of a "debt collector" as defined by 15 U.S.C. §1692a(6), which speaks for itself, but all other or inconsistent allegations in ¶ 5 of the Complaint are denied.

6.     The Answering Defendants admit that Robert L. McArty is a principal in the law firm of Smith & McArty, PLLC which maintains offices at 701 Avignon Drive, Suite 201, Ridgeland, MS 39157, and that the Answering Defendants, under certain circumstances which are not alleged in the Complaint, may fall within the definition of a "debt collector" as defined by 15 U.S.C. §1692a(6), which speaks for itself, but all other or inconsistent allegations in ¶ 6 of the Complaint are denied.

7.     The Answering Defendants admit that Smith & McArty, PLLC is named as a Defendant in this litigation and that the law firm maintains offices at 701 Avignon Drive, Suite

201, Ridgeland, MS 39157, and that the Answering Defendants, under certain circumstances which are not alleged in the Complaint, may fall within the definition of a "debt collector" as defined by 15 U.S.C. §1692a(6), which speaks for itself, but all other or inconsistent allegations in ¶ 7 of the Complaint are denied.

8.      The Answering Defendants can neither admit nor deny the legal conclusion in ¶ 8 of the Complaint because the "occurrences" to which this paragraph refers are not factually alleged.

9.      The Answering Defendants admit that venue is proper in the Southern District of Mississippi.

10.     The allegations of ¶ 10 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

11.     The allegations of ¶ 11 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

12.     The allegations of ¶ 12 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

13.     The allegations of ¶ 13 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

14.     The allegations of ¶ 14 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken,

said allegations are denied.

15.    The allegations of ¶ 15 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

16.    The allegations of ¶ 16 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

17.    The allegations of ¶ 17 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

18.    The allegations of ¶ 18 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

19.    The allegations of ¶ 19 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

20.    The allegations of ¶ 20 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

21.    The allegations of ¶ 21 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

22.    The allegations of ¶ 22 of the Complaint are not directed at and therefore require

no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

23. The allegations of ¶ 23 of the Complaint are not directed at and therefore require no response by the Answering Defendants; however, if the Answering Defendants are mistaken, said allegations are denied.

24. The Answering Defendants admit that on or about March 3, 2015, Defendant Robert L. McArty signed a letter from his law firm Smith & McArty, PLLC substantially in the form of Exhibit A hereto, correctly addressed to the Plaintiff which was placed or on about that same day in US mail, postage prepaid, and which was not subsequently returned to the Answering Defendants, but all other or inconsistent allegations in ¶ 24 of the Complaint are denied.

25. The Answering Defendants admit that on or about March 6, 2015, the law firm Smith & McArty, PLLC received correspondence allegedly from the Plaintiff substantially in the form of Exhibit B hereto, but all other or inconsistent allegations in ¶ 25 of the Complaint are denied.

26. The Answering Defendants state that on or about July 20, 2015, Discover filed a lawsuit against Marsha M. Etheridge with the Circuit Clerk of Pearl River County, MS for filing in the County Court of Pearl River County, MS. The lawsuit was signed by Robert L. McArty of Smith & McArty, PLLC as attorneys for Discover. The summons was not signed by Lester F. Smith. The summons was signed by the Circuit Clerk of Pearl River County, MS.

27. The Answering Defendants admit, on information and belief, that the Plaintiff was served with the Summons and Complaint in a state court action by Discover Bank on the date shown on the return of service in the state court litigation file, but all other or inconsistent allegations of ¶ 27 of the Complaint are denied.

28.     The Answering Defendants deny the allegations of ¶ 28 of the Complaint which are unfounded legal conclusions and on the grounds that on or about May 19, 2015 and May 21, 2015, the law firm of Smith & McArty, PLLC responded to Plaintiff's correspondence, Exhibit B hereto, by providing a copy of the Plaintiff's Discover Bank credit card application signed by Plaintiff and about two (2) years of monthly statements showing the charges that make up the debt claimed by Discover in the form of Exhibit C hereto, which was mailed to Plaintiff's correct address, via US mail, postage prepaid, and not subsequently returned to the Answering Defendants, which is incorporated by reference. All other or inconsistent allegations of ¶ 28 of the Complaint are denied.

29.     The Answering Defendants deny the erroneous legal conclusion and allegations in ¶ 29 of the Complaint. That the Answering Defendants complied in full with their obligations under 28 U.S.C. §1692g by means of Exhibit C hereto, which was successfully mailed to the Plaintiff before the Answering Defendants resumed collection activities following receipt of Exhibit B hereto from the Plaintiff. All other or inconsistent allegations of ¶ 29 of the Complaint are denied.

30.     The allegations of ¶ 30 of the Complaint are not directed at and therefore require no response by the Answering Defendants because the Answering Defendants, at no time, contacted or attempted to contact the Plaintiff by telephone; however, if the Answering Defendants are mistaken, said allegations are denied.

31.     The allegations of ¶ 31 of the Complaint are not directed at and therefore require no response by the Answering Defendants because the Answering Defendants, at no time, contacted or attempted to contact the Plaintiff by telephone; however, if the Answering Defendants are mistaken, said allegations are denied.

32.     The allegations of ¶ 32 of the Complaint are not directed at and therefore require

no response by the Answering Defendants because the Answering Defendants, at no time, contacted or attempted to contact the Plaintiff by telephone; however, if the Answering Defendants are mistaken, said allegations are denied.

33.    The allegations of ¶ 33 of the Complaint are not directed at and therefore require no response by the Answering Defendants because the Answering Defendants, at no time, contacted or attempted to contact the Plaintiff by telephone; however, if the Answering Defendants are mistaken, said allegations are denied.

34.    The allegations of ¶ 34 of the Complaint are not directed at and therefore require no response by the Answering Defendants because the Answering Defendants, at no time, contacted or attempted to contact the Plaintiff by telephone; however, if the Answering Defendants are mistaken, said allegations are denied.

35.    The allegations of ¶ 35 of the Complaint pertaining to 47 U.S.C. §227 are not directed at and therefore require no response by the Answering Defendants because the Answering Defendants, at no time, contacted or attempted to contact the Plaintiff by telephone; however, if the Answering Defendants are mistaken, said allegations are denied.

36.    The allegations of ¶ 36 of the Complaint are not directed at and therefore require no response by the Answering Defendants because the Answering Defendants, at no time, contacted or attempted to contact the Plaintiff by telephone; however, if the Answering Defendants are mistaken, said allegations are denied.

37.    The allegations of ¶ 37 of the Complaint are not directed at and therefore require no response by the Answering Defendants because the Answering Defendants, at no time, contacted or attempted to contact the Plaintiff by telephone; however, if the Answering Defendants are mistaken, said allegations are denied.

38.     The allegations of ¶ 38 of the Complaint are not directed at and therefore require no response by the Answering Defendants because the Answering Defendants, at no time, contacted or attempted to contact the Plaintiff by telephone; however, if the Answering Defendants are mistaken, said allegations are denied.

39.     The allegations of ¶ 39 of the Complaint are not directed at and therefore require no response by the Answering Defendants because the Answering Defendants, at no time, contacted or attempted to contact the Plaintiff by telephone; however, if the Answering Defendants are mistaken, said allegations are denied.

40.     The Answering Defendants incorporate by reference all defenses, denials and affirmative allegations contained in ¶ ¶'s 1-39 of their Separate Answer, which are incorporated by reference in response to ¶ 40 of the Complaint.

41.     Paragraph 41 of the Complaint is a legal conclusion requiring no response from the Answering Defendant; however, to the extent that the Answering Defendants are mistaken, the allegations of ¶ 41 of the Complaint are denied.

42.     The Answering Defendants deny that the Answering Defendants, or any one or more of them violated the FDCPA, or that the Plaintiff is entitled to any judgment against the Answering Defendants, or any one or more of them based on the FDCPA, as alleged in ¶ 42 of the Complaint, including but not limited to subparagraphs 42a) through 42d) inclusive. In addition thereto, the Answering Defendants would show that the *Rooker Feldman* doctrine precludes the Plaintiff from collaterally attacking on the "resulting judgment in state court case #CO 2015-0214.".

43.     The Answering Defendants incorporate by reference all defenses, denials and affirmative allegations contained in ¶ ¶'s 1-42 of their Separate Answer, which are incorporated

by reference in response to ¶ 43 of the Complaint.

44.     Paragraph 44 of the Complaint is a legal conclusion requiring no response from the Answering Defendant; however, to the extent that the Answering Defendants are mistaken, the allegations of ¶ 44 of the Complaint are denied.

45.     The Answering Defendants deny that the Answering Defendants, or any one or more of them violated the FDCPA, or that the Plaintiff is entitled to any judgment against the Answering Defendants, or any one or more of them based on the FDCPA, as alleged in the redundant allegations of ¶ 45 of the Complaint, including but not limited to subparagraphs 45a) through 45e) inclusive. In addition thereto, the Answering Defendants would show that the *Rooker Feldman* doctrine precludes the Plaintiff from collaterally attacking on the "resulting judgment in state court case #CO 2015-0214."

46.     The Answering Defendants incorporate by reference all defenses, denials and affirmative allegations contained in ¶ ¶'s 1-45 of their Separate Answer, which are incorporated by reference in response to ¶ 46 of the Complaint.

47.     Paragraph 47 of the Complaint is a legal conclusion requiring no response from the Answering Defendant; however, to the extent that the Answering Defendants are mistaken, the allegations of ¶ 47 of the Complaint are denied.

48.     The Answering Defendants deny that the Answering Defendants, or any one or more of them violated the FDCPA, or that the Plaintiff is entitled to any judgment against the Answering Defendants, or any one or more of them based on the FDCPA, as alleged in the redundant allegations of ¶ 48 of the Complaint, including but not limited to subparagraphs 48a) through 48d) inclusive. In addition thereto, the Answering Defendants would show that the *Rooker Feldman* doctrine precludes the Plaintiff from collaterally attacking on the "resulting judgment in

state court case #CO 2015-0214."

49.     The Answering Defendants incorporate by reference all defenses, denials and affirmative allegations contained in ¶¶'s 1-48 of their Separate Answer, which are incorporated by reference in response to ¶ 49 of the Complaint.

50.     Paragraph 50 of the Complaint is a legal conclusion requiring no response from the Answering Defendants; however, to the extent that the Answering Defendants are mistaken, the allegations of ¶ 50 of the Complaint are denied.

51.     The Answering Defendants deny that the Answering Defendants, or any one or more of them violated the FDCPA, or that the Plaintiff is entitled to any judgment against the Answering Defendants, or any one or more of them based on the FDCPA, as alleged in the redundant allegations of ¶ 51 of the Complaint, including but not limited to subparagraphs 51a) through 51e) inclusive. In addition thereto, the Answering Defendants would show that the *Rooker Feldman* doctrine precludes the Plaintiff from collaterally attacking on the "resulting judgment in state court case #CO 2015-0214."

52.     The Answering Defendants incorporate by reference all defenses, denials and affirmative allegations contained in ¶¶'s 1-51 of their Separate Answer, which are incorporated by reference in response to ¶ 52 of the Complaint.

53.     Paragraph 53 of the Complaint is a legal conclusion requiring no response from the Answering Defendants because the Answering Defendants at no time initiated contact or attempted to initiate contact with the Plaintiff by telephone; however, to the extent that the Answering Defendants are mistaken, the allegations of ¶ 53 of the Complaint are denied. The Answering Defendants deny that the Answering Defendants, or any one or more of them violated the TCPA, or that the Plaintiff is entitled to any judgment against the Answering Defendants, or any one or

more of them based on the TCPA, as alleged in subparagraphs a) through f) following ¶ 53 of the Complaint, or any other relief of any kind or character whatsoever against the Answering Defendants.

WHEREFORE PREMISES CONSIDERED, the Answering Defendants deny that the Plaintiff is entitled to the relief requested in the Complaint of or from any one or more of the Answering Defendants or any other relief of any kind or character whatsoever of or from the Answering Defendants. The Answering Defendants further move the Court to dismiss the Complaint, with prejudice, and to assess the Answering Defendants' reasonable attorney's fees and costs against the Plaintiff on the grounds that the Plaintiff brought this suit against the Answering Defendants in bad faith for purposes of harassment under 15 U.S.C. §1692k(a)(3) and/or circumstances justifying an award to a prevailing defendant under rule 11 of the Federal Rules of Civil Procedure, the Mississippi Litigation Accountability Act, and 28 U.S.C. §1927.

## AFFIRMATIVE DEFENSES

### THIRD AFFIRMATIVE DEFENS

For their Third Affirmative Defense, the Answering Defendants state that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

### FOURTH AFFIRMATIVE DEFENSE

For their Fourth Affirmative Defense, the Answering Defendants state that any violation of the law, which the Answering Defendants deny occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## FIFTH AFFIRMATIVE DEFENSE

For their Fifth Affirmative Defense, the Answering Defendants state that Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

For their Sixth Affirmative Defense, the Answering Defendants state that the Answering Defendants timely and properly mailed the Plaintiff, Exhibit A hereto, which, as a matter of law, is a notification letter containing all disclosures required by 15 U.S.C. §1692g(a) which was not returned to the Answering Defendants undelivered, and that notwithstanding what Plaintiff may have said in, or believed with respect to Exhibit B hereto, the Answering Defendants' response to Exhibit B, as a matter of law, properly verified the debt under 15 U.S.C. §1692g.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, the Answering Defendants plead the *Rooker Feldman* doctrine which deprives this court of jurisdiction over any claim against the Answering Defendants collaterally attacking the grounds or finality of the state court judgment which was rendered by the Court on December 18, 2015, and filed with the Circuit Clerk on or about December 21, 2015 in that certain matter styled "*Discover Bank v. Marcia M Etheridge*" County Court of Pearl River County, Mississippi, Cause number 2015-0214. A true and correct copy of said Judgment and the Opinion and Order Granting Summary Judgment incorporated therein by reference, is attached hereto as Exhibit D and incorporated by reference.

## EIGHTH AFFIRMATIVE DEFENSE

For their Eighth Affirmative Defense, the Answering Defendants plead that the Plaintiff has failed to mitigate damages in accordance with Mississippi law.

## NINTH AFFIRMATIVE DEFENSE

For their Ninth Affirmative Defense, the Answering Defendants plead lack of any causal connection between its actions or omissions and any damages sought by the Plaintiff, including mental anguish and emotional distress.

## TENTH AFFIRMATIVE DEFENSE

For its Tenth Affirmative Defense the Answering Defendants plead contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

For their Eleventh Affirmative Defense, the Answering Defendants plead preemption.

## TWELFTH AFFIRMATIVE DEFENSE

For their Twelfth Affirmative Defense, the Answering Defendants plead that the Plaintiff's right to recover, if any, is limited to the relief allowed under the FDCPA. The Answering Defendants specifically deny any violation of the FDCPA or any other laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

For their Thirteenth Affirmative Defense, the Answering Defendants plead the affirmative defense of lack of proximate cause.

## FOURTEENTH AFFIRMATIVE DEFENSE

For their Fourteenth Affirmative Defense, the Answering Defendants plead that the Plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of Answering Defendants, or any other Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

For their Fifteenth Affirmative Defense, the Answering Defendants plead in the alternative that any damages the Plaintiff has incurred are the results of acts or omissions of individuals or

entities other than the Answering Defendants and for which the Answering Defendants are not legally responsible and over which Answering Defendants have no control or responsibility.

## SIXTEENTH AFFIRMATIVE DEFENSE

For its Sixteenth Affirmative Defense, the Answering Defendants plead that any award of punitive damages sought in the Complaint will violate the Defendant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Answering Defendants' rights under comparable provisions of the Mississippi Constitution of 1890, because under Mississippi law (a) the standard for an award of punitive damages is so vague and indefinite that it does not give Defendants adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation, the residence, wealth, and/or corporate status of the Defendants; (e) Defendants may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and

furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Answering Defendants, Smith & McArty, PLLC , Lester F. Smith and Robert L. McArty, were, at all relevant times, authorized agents of a disclosed client principal, the Defendant, Discover Bank,  and cannot be liable for any acts or omissions of their corporate client principal. Additionally, the individual attorney defendants, Lester F. Smith and Robert L. McArty, acted by and through their own similarly disclosed corporate principal, Smith & McArty, PLLC, and cannot be held individually liable for any claim alleged by the Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has paid on the credit card debt referenced in her complaint many times for several years. Mississippi law holds that where someone knows of a defense to a debt and continues to pay, then that defense is waived.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses.

WHEREFORE PREMISES CONSIDERED, the Answering Defendants deny that the Plaintiff is entitled to all or any part of the relief requested in the Complaint or to any other relief of any kind or character whatsoever of her from the Answering Defendants and the Answering Defendants further move the Court to dismiss the Complaint, as to the Answering Defendants, with prejudice, and to assess the Answering Defendants' reasonable costs and attorney's fees to the Plaintiff, and for such other relief as the Court may deem appropriate under the circumstances.

Respectfully submitted, this the 20th day of January, 2016.

LESTER F. SMITH
ROBERT L. MCARTY
SMITH & MCARTY, PLLC

By:    Their Attorneys
PAGE, MANNINO, PERESICH &
   MCDERMOTT, P.L.L.C.


By:    /s/ William V. Westbrook, III
WILLIAM V. WESTBROOK, III, MSB #7119
Page, Mannino, Peresich & McDermott, P.L.L.C.
2408 14th Street
Gulfport, MS 39501-2019
Telephone: 228-868-8999
Facsimile: 228-868-8940
Email: cwestbrook@pmp.org

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served, via electronic mail and U.S. Mail, postage prepaid, the foregoing Separate Answer of Defendants, Lester F. Smith, Robert L. McArty and Smith & McArty, PLLC to the following:

> Marsha M. Etheridge
> 67 Cecil Smith Road
> Carriere, MS 39426
> Email: 4jbnme2@gmail.com

I also, hereby certify that on this day I electronically filed the foregoing Separate Answer of Defendants, Lester F. Smith, Robert L. McArty and Smith & McArty, PLLC with the Clerk of the Court using the ECF Filing System which sent notification of such filing to the following:

> Benjamin B. Morgan, Esq.
> Adams and Resse LLP
> 1018 Highland Colony Parkway, Suite 800
> Ridgeland, MS  39157
> ben.morgan@arlaw.com

So certified this the 20th day of January, 2016.


/s/ William V. Westbrook, III
WILLIAM V. WESTBROOK, III