**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MARSHA M. ETHERIDGE**                                              **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO. <u>1:15-CV-00389-LG-RHW</u>**

**DISCOVER BANK, LESTER F. SMITH,
ROBERT L. MCARTY, AND SMITH & MCARTY PLLC**          **DEFENDANTS**

**DISCOVER BANK'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Discover Bank ("Discover"), by counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this Motion to Dismiss for Failure to State a Claim as follows:

1.    Plaintiff's Complaint appears to assert four claims against all Defendants for violations of various provisions of the Fair Debt Collection Practices Act ("FDCPA") and a single claim for violating the Telephone Consumer Protection Act ("TCPA").

2.    Discover respectfully requests that the FDCPA claims in Counts I through IV be dismissed with prejudice as Plaintiff cannot state a claim against Discover under the FDCPA as a matter of law because Discover is a creditor and not a debt collector.

3.    Discover requests that it be allowed 14 days after the Court adjudicates this motion in order to file a responsive pleading to Plaintiff's complaint. *See* Fed. R. Civ. P 12(a)(4).

4.    Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant is entitled to have a case filed against it dismissed if the plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A dismissal pursuant to Rule 12(b)(6) is "appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *True v. Robles*, 571

F.3d 412 (5th Cir. 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570) (2007)); *see also, Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

5. Plaintiff cannot state a claim against Discover under the FDCPA as a matter of law. As a matter of law, the FDCPA does not authorize blanket claims against creditors; *rather*, the FDCPA only regulates the practices of "debt collectors," and the statute defines that term. See 15 U.S.C. § 1692(a)(6). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6) (emphasis added). Critically, "[a] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005). Further, "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors . . . ." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (internal quotations and citation omitted).

6. Thus, it is well established in the Fifth Circuit that a company collecting debts owed to itself, like Discover, is not a debt collector. *See, e.g.*, *McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355 (5th Cir. 2001); *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985); *Salem v. J.P.Morgan Chase & Co.*, No. CIV.A. 3:09CV421DPJJ, 2009 WL 4738182, at *1 (S.D. Miss. Dec. 4, 2009). Courts therefore "dismiss for failure to state a claim suits brought under the FDCPA against credit card companies or banks that extend credit and attempt to collect the unpaid debt." *Duncan v. Citibank (South Dakota), N.A.*, No. Civ. 06-0246 JB/KBM, 2006 WL 4063022, at *3 (D.N.M. Jun. 30, 2006).

7.      Here, Discover is a creditor, and Plaintiff does not otherwise allege that Discover is a debt collector. *Complaint*, ¶ 4. Notably, Plaintiff alleges that the other Defendants are "debt collectors," but the same allegation is not expressly levied against Discover. *Complaint, ¶ 5-7*. Moreover, the context of the allegations demonstrates that Discover is a creditor and that Plaintiff owed the debt to Discover. *Complaint, ¶ 24.* As a result, Discover cannot be considered a "debt collector" subject to the FDCPA and cannot be found to have violated any provisions of the FDCPA as alleged in Counts I through IV. These claims should therefore be dismissed with prejudice.

8.      Alternatively, in the event this Court decides that Plaintiff has stated an FDCPA claim against Discover, Discover submits that Plaintiff is barred by the doctrines of collateral estoppel – or issue preclusion – from litigating any FDCPA claim against Discover due to the order entered by the state court against Plaintiff in a collection lawsuit. (Exhibit A, Summary Judgment Order). This alternative argument is made under Federal Rule of Civil Procedure 12(d), which allows this Court to consider the state court order and enter summary judgment in favor on Discover on the FDCPA claims represented in Counts I through IV. The state court's order rejected Plaintiff's efforts to have the FDCPA apply. Thus, the preclusion doctrines bar Plaintiff from being able to relitigate those same issues here.

9.      Discover incorporates herein the arguments and authorities that are contained in its memorandum in support, which is being filed simultaneously.

WHEREFORE, PREMISES CONSIDERED, Discover requests that Plaintiff's FDCPA claims be dismissed with prejudice because Discover cannot be liable under the FDCPA as a matter of law as Discover is a creditor and not a debt collector. Discover alternatively seeks dismissal based on the preclusion doctrines because of the state court's summary judgment order

in the collection lawsuit. Defendant Discover Bank requests any and all additional relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 20th day of January, 2016.

**DISCOVER BANK**

By: */s/ Benjamin B. Morgan*
Benjamin B. Morgan (MSB #103663)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
(p) 601-353-3234
(f) 601-355-9708
ben.morgan@arlaw.com

## **CERTIFICATE OF SERVICE**

I, Benjamin B. Morgan, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record and that I mailed a copy of the foregoing to Plaintiff at the following address:

>Marsha M. Etheridge
>67 Cecil Smith Rd.
>Carriere, MS 39426
>601-798-2270
>*Pro Se Plaintiff*

THIS the 20th day of January, 2016.

>*/s/ Benjamin B. Morgan*
>Benjamin B. Morgan