FILED
DEC 21 2015
VICKIE P. HARREL, CIRCUIT CLERK
_____ D.C.

IN THE COUNTY COURT OF PEARL RIVER COUNTY, MISSISSIPPI

DISCOVER BANK                                              PLAINTIFF

VS.                                                        NO. CO 2015 0214

MARSHA M. ETHERIDGE                                        DEFENDANT

## JUDGMENT

This cause came on for hearing on Plaintiff's Motion for Summary Judgment, the parties appeared on December 14, 2015, for the hearing of said Motion, and made oral arguments, and pursuant to the Court's Opinion and Order Granting Summary Judgment, which is incorporated herein by reference, the Court finds that the Court has jurisdiction of the parties and of the subject matter, that there is no genuine issue of material fact, that Plaintiff's Motion is well taken and should be granted, and that Plaintiff is entitled to a judgment against Defendant.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff do have and recover from Defendant the amount of $18,627.38, plus Court costs, for all of which let execution issue.

ORDERED AND ADJUDGED, the 18th of December, 2015.

_____
Judge

Submitted by:
Lester F. Smith MSB 7560
701 Avignon Dr. Suite 201
Ridgeland, MS 39157



EXHIBIT
A

FILED
DEC 21 2015
VICKIE P HARIEL, CIRCUIT CLERK
_____ D.C.

IN THE COUNTY COURT OF PEARL RIVER COUNTY, MISSISSIPPI

DISCOVER BANK

PLAINTIFF

VS.

NO. CO 2015 0214

MARSHA M. ETHERIDGE

DEFENDANT

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT

Plaintiff's Motion for Summary Judgment was served on November 11, 2015, filed in this case, and was set for hearing on December 14, 2015, at 1:30 p.m. Plaintiff appeared at that time through its attorney and Defendant appeared on her behalf. The Court hereby renders its opinion, grants the said Motion, and makes its findings of facts and conclusions of law as set forth herein.

The Court finds that Plaintiff has submitted the items necessary to sustain its burden of proof for summary judgment on a debt lawsuit. These items include an affidavit showing the amount due of $18,627.38, a statement of account showing this same amount, monthly statements (for about two (2) years) showing charges and payments that make up the debt sued upon, and the credit card application signed by Defendant. Brown v. Credit Center, 444 So. 2d 358 (Miss. 1983); Rule 56 ( c) of the Mississippi Rules of Civil Procedure; Turner v. Trustmark National Bank d/b/a Credit Card Center, 105 So. 3d 1123 (Ms. App. 2012); Longstreet v. Bankfirst Financial Services, 99 So. 3d 793 (Ms. App. 2012); Stuckey v. Provident Bank, 912 So. 2d 859, 864 (Miss. 2005); Abrams v. Republic Finance, 146 So. 3d 1030 (Ms. App. 2014).

This case can properly be decided by this Court on summary judgment. The Court finds that the issues and arguments raised by Defendant are not well taken.

1.   The term "charge off" does not mean that the debt is no longer due. The term "charge off"

Page 1 of 7

is an accounting term meaning that the debt is considered a bad debt, but does not mean that the debt is not legally due. Federal law even adopted a policy that requires that a credit card debt be charged off if not paid for 180 days. 65 FR 36903 (June 12, 2000). The case of New Century Financial Services, Inc. v. Oughla, 98 A. 3d 583 (N.J. March 5, 2014) recognized this regulation and stated that it was certainly proper to sue on charged off debt and stated "Federal regulations require banks issuing credit cards to *charge off*, that is declare uncollectible, *credit card* debts by the end of the month in which they become 180 days past due. . . . the debts remain assets which the banks can continue to try to collect." The Court in Cooper v. Pressler & Pressler, LLP, 912 F. Supp. 2d 178, 181, fn 3 (D.N.J. 2012) explained that "charge off" means the creditor ceasing its own efforts to collect bring the account current, closing the account, and referring it for collection.

2. Defendant filed a Motion to Strike Plaintiff's Affidavit. However, this Court finds that Plaintiff's Affidavit is sufficient as a matter of law. Plaintiff's Affidavit is signed by Stephen Ball who states he is a Litigation Support Specialist for Discover Products, Inc., successor by merger to DB Servicing Corporation, the servicing affiliate of Discover Bank, and Discover Products, Inc. maintains account records pertaining to Discover Card accounts. Mr. Ball states that the Affidavit is given on his personal knowledge, that he has knowledge regarding the records regarding the Discover Card account for Defendant, that he personally inspected the records pertaining to the account of Defendant, that Defendant's account is in default because the Defendant did not pay the amounts due and owing to Discover Bank, and that the amount of $18,627.38 is due and owing Discover

Bank. This Affidavit is legally proper and sufficient. It contains even more information than those affidavits that have been approved by Mississippi appellate courts. See Brown v. Credit Center, 444 So. 2d 358 (Ms. 1983) (the affidavit therein stated the amount of the debt, that is was unpaid, and that it was due. The Supreme Court held that the affidavit was "adequate to undergird a valid summary judgment."); Abrams v. Republic Finance, LLC, 146 So. 3d 1030 (Ms. App. 2014). This Court takes judicial notice and knowledge that other trial courts in Mississippi have considered and approved the Discover Bank affidavit as legally proper and sufficient. See Discover Bank cases - County Court of Harrison County (Judge Gaston Hewes) in case D2401-11-43, County Court of Madison County (Judge Ed Hannon) in case CO-2010-1068-2, County Court of Bolivar County (Judge Allen Couch) in case C-2009-072, and Circuit Court of Itawamba County (Judge Paul Funderburk) in case 08-099(F)I.

3. Defendant has paid on this credit card debt many times for several years. Mississippi law holds that where someone knows of a defense to a debt and continues to pay, then that defense is waived. Brickell v. First National Bank, 373 So.2d 1013 (Miss. 1979); Austin Development Co. v. Bank of Meridian, 569 So.2d 1209 (Miss. 1990). Austin even holds that a person has a duty to inquire about a possible defense before making a payment, and if the person does not do so, then the defense is waived.

4. Defendant has not made a showing that she disputed any of the credit card charges within 60 days of the charges. The Fair Credit Reporting Act (15 U.S.C. Section 1666) provides that a credit card debtor has 60 days to complain about any charge on his/her credit card statement. Defendant made no such complaint and has not shown that she did.

5.  Defendant mentions Section 1692g of the Fair Debt Collection Practices Act ("FDCPA") concerning verification. However, the FDCPA applies only to third party debt collectors and not to an original creditor like Discover Bank who is attempting to collect its own debt. 15 U.S.C. Section 1692(a)(6); Salem v. J. P. Morgan Chase, (U.S. District Judge Dan Jordan, 3:09cv421DPJ-JCS December 4, 2010); McZeal v. Ocwen Financial Corp., 252 F. 3d 1355 (5th Cir. 2001); Robertson v. GE Consumer Finance, Inc., 2008 WL 4868289, * (S. D. Miss. Nov. 8, 2008) (FDCPA does not apply to actions of party seeking to collect debt owed to itself.); Hollins v. Heilig-Meyers, 1999 WL 335371133, * 2 N. D. Miss. Sept. 29, 1999); Thomason v. Bank One, 137 F. Supp. 2d 721 (E. D. La. 2001); Fouche v. Shapiro & Massey and Washington Mutual Bank, 575 F. Supp. 2d 776 (S. D. Ms. Judge Tom Lee, August 8, 2008) (FDCPA applies only to debt collectors, and Washington Mutual is not a debt collector.); Thames v. Citibank, U. S. District Court for Southern District of Miss., case No. 3:06-182 TSL (Judge Tom Lee, May 3, 2006). In a case involving Discover itself, it was held that "it is well-settled that a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts. Based on the FDCPA definition, Discover is clearly not a debt collector, rather it is the very party to whom the debt is due." MacDermid v. Discover Financial Services d/b/a Discover Card, 488 F. 3d 721, 735 (6th Cir. 2007). In another case involving Discover, the County Court of Forrest County in Discover Bank v. Griffin, case No. CO 04 0768 (Nov. 24, 2004), Judge McPhail held that "the Court finds that the Plaintiff is an original creditor (not a debt collector under the FDCPA), that the FDCPA does not apply to Plaintiff, and that the FDCPA is not a proper defense to this

Page 4 of 7

lawsuit." Nevertheless, the Court finds that Plaintiff and its attorney sent proper and adequate verification of the debt to Defendant, even pursuant to the FDCPA. Plaintiff did so by sending its letter dated April 17, 2015, in which Plaintiff stated "We researched the dispute of liability for the above referenced account. We found the account and balance to be valid. Enclosed please find Copy of the application, Copy of a payment, and Copy of the statements." Plaintiff's attorney did so by sending its letters dated May 19, 2015 and May 21, 2015, which stated "Enclosed is verification of the above debt" and enclosed copy of the Application and Itemizations consisting of monthly credit card statements from January of 2013 - February of 2015. These letters are attached to Plaintiff's Motion for Summary Judgment. Credit card statements certainly are sufficient verification of a debt. Perhaps the leading case on this subject is Chaudhry v. Gallerizzo, 174 F. 3d 394, 406 (4th Cir. 1999) which that verification involves nothing more that a debt collector confirming in writing that the amount being demanded is what the creditor claims is owed. In a case involving a Discover Card debt, the issue of verification was discussed. The Court in Bascom v. Durbin, case No. 03-CV-6159T, U.S. Dist. Court of N.Y., LEXIS 5351, January 25, 2007, cited and quoted Chaudhry with approval, and then stated "The letter defendant provided to plaintiff dated February 5, 2002 including a copy of plaintiff's signed Discover Card application along with copies of billing statements generated prior to the charge off of plaintiff's account, were sufficient to verify the debt. The billing statements consisted of computer print outs that sufficiently informed plaintiff that the amount being demanded is what the defendant is claiming is owed and showed the dates on which charges were incurred. See Feb. 5, 2001 Letter; see also Chaudhry,

174 F.3d 406. It is clear that defendant's response to the plaintiff's request for verification meet the requirements of the FDCPA."

6. Defendant cannot just make a conclusory denial but must submit specific evidentiary facts. The Summary Judgment Rule 56(e) itself states that when a motion for summary judgment is made and supported as provided in this Rule, the adverse party may no rest upon mere allegations or denials, but must prove "specific facts" in order to defeat summary judgment. In Hartford Casualty Ins. Co. V. Halliburton Co., 826 So. 2d 1206 (Miss. 2001), the Mississippi Supreme Court held that in order to defeat summary judgment, the nonmovant must show "specific facts". Defendant's Affidavit herein does not show specific facts. Plaintiff has come into court with an Affidavit showing the correctness of the debt, with over 2 years of monthly statements showing the amount owed, the credit card application signed by Defendant, and the credit card agreement. In Ellis Contracting v. Komatsu Financial, 906 So. 2d 805 (Ms. 2004), the Mississippi Supreme Court held and pointed out that even though the defendant presented evidence that he disputed the debt, he did not present evidence and did not show that he had paid the debt. As such the Court held that there was no disputed issue of fact, and summary judgment was required to be granted by the trial court and was affirmed by the Supreme Court. In Evan Johnson & Sons Construction, Inc. v. State, 877 So. 2d 360 (Ms. 2004), the Supreme Court held that conclusory affidavits that fail to present facts do not raise a material issue of fact to defeat summary judgment. Defendant's Affidavit herein is such an affidavit. "Affidavits consisting of nothing more than conclusory statements should be disregarded by the trial court. Sanders v. Wiseman, 29 So. 3d 138, ¶13141 (Ms. App.

Page 6 of 7

2010); Frutcher v. Lynch Oil Co., 522 So. 2d 195, 199 (Miss. 1988); Baker Donelson v. Seay, 42 So. 3d 474 (Ms. 2010); Dalton v. Cellular South, 20 So. 3d 1227, 1233 (Ms. 2009).

7   The burden is on the party who claims payment to prove payment. New Hampshire Ins. Co. v. Smith, 610 So. 2d 340 (Ms. 1992); Davis v. Agents Finance Co., 164 So. 2d 449 (Ms. 1964); Philley v. Toller, 123 So. 2d 223 (Ms. 1960); Garrett v. Pigford, 67 So. 2d 885 (Ms. 1953); Ellis Contracting v. Komatsu Financial, 906 So. 2d 805 (Ms. 2004). Defendant has not proven payment.

Defendant represented herself in this action, appearing *pro se*. Mississippi law provides that a party representing himself or herself will be held to the same standards as attorneys. Perry v. Andy, 858 So.2d 143, 146 (Miss. 2013); Price v. McBeth, 989 So.2d 444 (Miss. Ct. App. 2008); Burch v. Pomes, 18 So.3d 303, 304 (Miss. Ct. App. 2009); Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss. 1987); Harvey v. Stone County School Dist., 862 So.2d 545, 549 (Miss. Ct. App. 2003); Matlock v. Miss. Dept. Human Services, No. 2009-CP-01869-COA (4/15/2014).

The Court finds that Plaintiff's Motion for Summary Judgment should be granted. Judgment should be rendered in favor of Plaintiff for the sum of $18,627.38, plus court costs, for all of which let execution issue.

A separate Judgment will be rendered by this Court in accordance with the above.

This the 18th day of December, 2015.

*[signature]*
County Court Judge